UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYRONE BANNERMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AIR-SEA PACKING GROUP INC. and RALPH LAUREN CORP.,<br><br>Defendants. | Civil Action No.: 18-cv-06146-PGG |

[~~PROPOSED~~] **ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT AND APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

This matter came before the Court on the application of the Plaintiffs for final approval of the settlement between Plaintiffs and Defendants Air-Sea Packing Group Inc. ("Air-Sea"), Ralph Lauren Corp. ("Ralph Lauren") (collectively, "Defendants") as set forth in the Settlement Agreement (the "Settlement," or "Settlement Agreement") preliminarily approved by this Court on September 19, 2019. The Court, having held a Final Fairness Hearing on January 24, 2020, and having considered all papers filed and proceedings had herein, and otherwise being fully informed of the premises, and good cause appearing therefore, on this 24th day of January, 2020,

**IT IS HEREBY ORDERED THAT:**

1. For purposes of this Order and Final Judgment, the Court adopts and incorporates the definitions as set forth in the Amended Settlement Agreement executed by the Parties and filed with this Court.

1

2. This Court hereby approves the settlement set forth in the Amended Settlement Agreement and finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Class Members in accordance with Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216. This Settlement Agreement is the product of arm's-length settlement negotiations.

3. The Court finds that the Class Notices fairly and adequately advised Class Members of the nature of the action, a description of the Class, the Class Members' right to exclude themselves from the settlement, and the right of all Class Members to object to the settlement, be represented by counsel, and appear at the fairness hearing. Class Members were provided the best notice practicable under the circumstances. The Court further finds that the Class Notices and distribution of such Class Notices complied fully with Fed. R. Civ. P. 23, the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the United States Constitution, and any other applicable laws, as appropriate.

4. None of the Class Members submitted a request for exclusion from the Settlement by submitting an Opt-Out Statement. As such, 100% of the Class Members are participating in the settlement.

5. The Court hereby grants Plaintiffs' Counsels' Motion for Attorneys' Fees and awards Class Counsel's Firm a total of $182,798.17 in attorneys' fees, or thirty-three and one-third percent (33.33%) of the Gross Settlement Amount. *See Masters, v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 437 (2d Cir. 2007) (holding that "[t]he entire Fund, and not some portion thereof, is created through the efforts of counsel at the instigation of the entire class" and thus fees should be allocated based on "total funds made available, whether claimed or not."); *see also In re Nassau Cty. Strip Search Cases*, 12 F. Supp. 3d 485, 492–93 (E.D.N.Y. 2014) (noting "that the percentage is applied to the total amount recovered on behalf of the class (i.e. the 'common fund'),

not to the lesser sum that in all probability will be claimed by members of the class from that fund.").

6. The Court further finds that the amount of fees requested is fair and reasonable using the "percentage-of-recovery" method, which is consistent with the "trend in this Circuit." *See McDaniel v. Cty. Of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010); *Diaz*, 2010 WL 5507912, at *7-8 (following percentage-of-the-fund method); *deMunecas*, 2010 WL 3322580, at * 8-9 (same); *Clark*, 2010 WL 1948198, at *8-9 (same); *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494, 2009 WL 5841177, at *4 (S.D.N.Y. May 28, 2009) (same); *Strougo ex rel. Brazilian Equity Fund, Inc. v. Bassini*, 258 F. Supp. 2d 254, 261-62 (S.D.N.Y. 2003) (collecting cases adopting the percentage-of-the-fund method); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 483-85 (S.D.N.Y. 1998) (same).

7. The Court awards Service Payments of $20,000.00, divided equally between Tyrone Bannerman and Jean Alverez, from the Gross Settlement Amount. These Service Payments are reasonable in light of the efforts Mr. Bannerman and Mr. Alverez have expended in furthering the Class Members' interests.

8. The Court approves up to $3,841.45 to be paid from the Gross Settlement Amount for litigation costs and expenses and Settlement Administration Costs not to exceed $8,000.

9. This action shall be and hereby is dismissed on the merits with prejudice. Since no Class Members have submitted an opt-out statement pursuant to Section 2.6.2 of the Settlement Agreement during the Notice Period, all Rule 23 Class Members hereby are permanently barred from prosecuting against the Released Parties (as defined in the Settlement Agreement) any and all Released State Law Claims. Named Plaintiffs, as consideration for the Court awarded Service Payments, have released all claims against the Released Parties that arise or are related to any

matter, event, fact, act, omission, cause, or thing which existed, arose, or occurred on or prior to the Effective Date, and are permanently barred from prosecuting any such claim against the Released Parties. All Participating Class Members who timely endorse and cash their Settlement Checks in accordance with the procedures set forth in the Settlement Agreement shall release both the Released State Law Claims and the Released Federal Law Claims, and shall be and are permanently barred from prosecuting against the Released Parties any and all Released State Law Claims and Released Federal Law Claims.

10. Though the Court retains jurisdiction over this action for the purpose of enforcing the Amended Settlement Agreement, the judgment is a Final Judgment in accordance with the Settlement Agreement. The parties shall abide by all terms of the Settlement Agreement and this Order.

**SO ORDERED**:

_____
Hon. Judge Paul G. Gardephe

Date: Jan. 24, 2020